UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEIDRE SANDERFORD CARMENA                          CIVIL ACTION

VERSUS

                                                   NO. 23-211-JWD-RLB

STATE FARM FIRE AND
CASUALTY COMPANY

ORDER

Before the Court is Deidre Sanderford Carmena's ("Plaintiff") Motion to Compel

Discovery Responses (the "Motion"). (R. Doc. 13). The Motion is opposed. (R. Doc. 15).

I.     Background

On February 8, 2023, Plaintiff initiated a bad faith insurance action against State Farm

Fire and Casualty Company ("Defendant") in the 19th Judicial District Court in the Parish of East

Baton Rouge, Louisiana. (R. Doc. 1-1 at 1). Plaintiff alleged that (i) Defendant served as the

insurer for a policy covering Plaintiff's primary residence (the "Property");[1] (ii) she brought a

hail damage claim; (iii) Defendant inspected the Property and said it would not replace the roof

but would provide $2,652.44 worth of shingle replacements; (iv) an independent inspector found

full roof replacement necessary; and (v) Defendant failed to tender full payment for the damage

so that Plaintiff was unable to fully repair her home, causing leak damages. (R. 1-1). In addition

to other acts of bad faith, Plaintiff asserts that Defendant "[a]rbitrarily and erroneously den[ied]

the full extent of hail damages to the [P]roperty[.]" (R. Doc. 1-1 at 2).

Defendant removed this action on March 17, 2023, asserting that this Court can exercise

diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). Plaintiff and Defendant's Fed. R. Civ.

---

[1] The term "Property" and "Home" are used in the petition and the discovery requests when referring to the insured building. Unless specifically noted otherwise in this Order, they likewise refer to the same location.

P. 26(f) conference presumably occurred before June 22, 2023, the date Plaintiff and Defendant

filed their joint status report. (R. Doc. 8). Thus, in compliance with Fed. Rules Civ. P. 26(d)(1),

33, and 34, Plaintiff propounded interrogatories and requests for production ("RFP(s)") on

Defendant on September 8, 2023. (R. Doc. 13-1). On December 29, 2023, Defendant responded

to the discovery requests. (R. Doc. 13-2). When Plaintiff was not satisfied with Defendant's

responses, "on February 15, 2024, the parties held a telephone conference in which Plaintiff's

counsel objected to [Defendant]'s answer to Interrogatory No. 5 and responses to [RFP] Nos. 5

and 6; however, the dispute could not be resolved." (R. Docs. 13-3; 15 at 2). Thus, Plaintiff filed

the instant Motion, seeking to compel new responses to Interrogatory No. 5 and RFP Nos. 5 and

6. (R. Doc. 13). These are detailed below, along with Defendant's objections:

**Interrogatory No. 5:**
Please identify any and all claims submitted to State Farm for the period of March 15,
2022, through May 31, 2022, for roof damage to any Dwelling located within a one (1)
mile radius of the Home, which includes the following streets/roads:

| | |
|---|---|
| Amy Drive, BR, LA 70810 | Jasper Avenue, BR, LA 70810 |
| Anne Marie Drive, BR, LA 70810 | Keel Avenue, BR, LA 70810 |
| Bluebonnet Blvd., BR, LA 70810 | Lag Tee Court, BR, LA 70810 |
| Burbank Drive, BR, LA 70810 | Lake Mist Avenue, BR, LA 70810 |
| Christian Paul Avenue, BR, LA 70810 | Leake Avenue, BR, LA 70810 |
| Coy Avenue, BR, LA 70810 | Mariner Drive, BR, LA 70810 |
| Creekside Drive, BR, LA 70810 | Mavis Drive, BR, LA 70810 |
| Cross Creek Avenue, BR, LA 70810 | Mays Drive, BR, LA 70810 |
| Cross Lake Drive, BR, LA 70810 | Meadow Creek Ave., BR, LA 70810 |
| East Bank Drive, BR, LA 70810 | Ned Avenue, BR, LA 70810 |
| East Lake Drive, BR, LA 70810 | Nicholson Drive, BR, LA 70810 |
| Elvin Drive, BR, LA 70810 | Nicholson Lake Drive, BR, LA 70810 |
| Fountain Avenue, BR, LA 70810 | Northlake Drive, BR, LA 70810 |
| Gardere Lane, BR, LA 70810 | Old Hermitage Pkwy, BR, LA 70810 |
| General Beauregard Ave, BR, LA 70810 | Old Hickory Drive, BR, LA 70810 |
| General Jackson Ave, BR, LA 70810 | Parkway Drive, BR, LA 70810 |
| General Lee Avenue, BR, LA 70810 | Pascagoula Drive, BR, LA 70810 |
| General Taylor Avenue, BR, LA 70810 | River Road, BR, LA 70810 |
| Glerma Avenue, BR, LA 70810 | Romona Avenue, BR, LA 70810 |
| Granite Drive, BR, LA 70810 | Rose Garden Drive, BR, LA 70810 |
| Innovation Park Drive, BR, LA 70810 | Rush Avenue, BR, LA 70810 |
| Jade Avenue, BR, LA 70810 | Skysail Avenue, BR, LA 70810 |

Southbank Drive, BR, LA 70810        Tea Rose Lane, BR, LA 70810
South Lake Drive, BR, LA 70810       Tide Drive, BR, LA 70810
Stonebridge Drive, BR, LA 70810     Winding Lake Avenue, BR, LA 70810

For each such claim, provide the following information:

(a) The first and last initials of the policy owner/insured;
(b) The Date of Loss;
(c) The amount, if any, tendered by State Farm;
(d) Whether the insured requested an appraisal of the damage that was the subject of the claim; and
(e) Whether State Farm appointed an appraiser in response to the insured's request.

**Response to Interrogatory No. 5:**
State Farm objects to this request on the grounds that it is vague and ambiguous with respect to the use of the terms "any and all claims".

State Farm further objects on the grounds that this request is overly broad in time, scope (types of claim or insurance coverage) and geographic area, it is potentially unduly burdensome and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit. State Farm further objects to this request on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case. It seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit. The documents sought may also be protected by the attorney-client privilege and work product doctrine. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing occurred in this case, as each claim is handled on its own individual merits.

Finally, any such matters outside of [the] state of Louisiana,[2] and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the plaintiff herein with regard to their claim under the subject policy, is irrelevant and the question is not reasonably calculated to lead to relevant facts. See: *State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).*

**RFP No. 5:**
Please produce any and all State Farm policies, procedures and/or guidelines provided to claims adjustors and/or home inspectors during the years of 2020 to present date.

**Response to RFP No. 5:**
State Farm objects to this request on the grounds that it is overly broad in time (not limited by the period of time when this claim was handled), scope (types of claims and insurance coverage) and geographic area (not limited to Louisiana) and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit, as State Farm's procedures are intended to provide guidance but each claim is handled on its own merits. State Farm further objects to this request on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to

---

[2] Plaintiff seeks no "information on matters outside the State of Louisiana." (R. Doc. 14 at 10).

the needs of the case. Finally, State Farm objects in that this request may cover materials which are confidential, proprietary business information and/or trade secret.

**RFP No. 6:**
Please produce all documents related to the claims identified in your response to Interrogatory No. 5 including but [not limited to] the following:

1. State Farm's response to any appraisal demand made by the insured; and
2. All documents related to any and all inspections and/or assessments of roof damage including determinations and estimates of loss.

**Response to RFP No. 6:**
State Farm objects to this request on the grounds that it is vague and ambiguous with respect to the use of the terms "any appraisal demand" and "any and all inspections and/or assessments."

State Farm further objects on the grounds that this request is overly broad in time, scope (types of claim or insurance coverage) and geographic area, it is potentially unduly burdensome and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit. State Farm further objects to this request on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case. It seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit. The documents sought may also be protected by the attorney-client privilege and work product doctrine. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing occurred in this case, as each claim is handled on its own individual merits.

Finally, any such matters outside of [the] state of Louisiana,[3] and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the plaintiff herein with regard to their claim under the subject policy, is irrelevant and the question is not reasonably calculated to lead to relevant facts. See: *State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).* (R. Doc. 13-2).

## II.    Law and Analysis

### A.    Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

---

[3] Plaintiff seeks no "information on matters outside the State of Louisiana." (R. Doc. 14 at 10).

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Under Fed. Rules Civ. P. "33 and 34, a party upon whom interrogatories and [RFPs] have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty days after service of the requests." *Shelton v. Landstar Ranger, Inc.,* No. CV 22-337-BAJ-SDJ, 2023 WL 1425321, at *1 (M.D. La. Jan. 31, 2023) (citation omitted). "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). If a party fails to timely respond to discovery requests made after the Fed. R. Civ. P. 26 conference and pursuant to Fed. Rules Civ. P. 33 and 34, the party seeking discovery "may move to compel responses and for appropriate sanctions under [Fed. R. Civ. P.] 37." *Shelton,* 2023 WL 1425321, at *1. An "evasive or incomplete . . . response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

When parties move to compel responses, their motions "must include a certification that [they,] in good faith[,] conferred or attempted to confer with the person or party failing to make disclosure or discovery[.]" Fed. R. Civ. P. 37(a). "[I]f a motion to compel . . . is granted, the court must, after affording an opportunity to be heard, require the party whose conduct

necessitated the motion to pay . . . the moving party's reasonable expenses . . . unless the court

finds that the motion was filed without the movant first making a good faith effort to obtain the

discovery without court action; that the party's nondisclosure . . . was substantially justified; or

that other circumstances make an award of expenses unjust." *Shelton,* 2023 WL 1425321, at *2.

**B.      Analysis**

**i.      Rule 37 Conference**

Fed. R. Civ. P. 37 ("Rule 37") requires that a motion to compel "include a certification

that the movant has in good faith conferred or attempted to confer with the person or party

failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ.

P. 37(a)(1). The instant Motion is accompanied by a form Rule 37 Certification stating Plaintiff's

counsel "conferred in good faith by telephone or in person with counsel for [D]efendant . . . in an

effort to obtain, without court action, the disclosure or discovery sought in the Motion[.]" (R.

Doc. 13-3). While the memorandum in support specifies that Plaintiff's "counsel conferred by

telephone conference with counsel for [Defendant], confirming that any efforts by [Plaintiff] to

narrow or further tailor the discovery requests that are the subject of this [M]otion would not

change [Defendant]'s position on its objections[,]" Plaintiff fails to describe when this occurred.

(R. Doc. 14 at 1). Only Defendant's opposition reveals this: "On February 15, 2024, the parties

held a telephone conference in which . . . the dispute could not be resolved." (R. Doc. 15 at 2).

"Rule 37 mandates that a necessary component to a facially valid motion to compel is an

actual certification, which 'must accurately and specifically convey to the court who, where,

how, and when the respective parties attempted to personally resolve the discovery dispute.'"

*Persley v. State Farm Mut. Auto. Ins. Co.,* No. 5:19-CV-01685, 2021 WL 1095323, at *2 (W.D.

La. Feb. 16, 2021) (citations omitted). Thus, a Rule 37 certification, or language in a motion to

compel, "should include the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any." *Id.*

Fortunately for Plaintiff, the record shows that a Rule 37 conference occurred. (R. Doc. 15 at 2). Thus, despite Plaintiff's failure to comply with the certification requirements of Rule 37, "the Court will not deny the Motion to Compel in its entirety in light of this failure." *Walker LP v. Certain Underwriters at Lloyds, London,* No. CV 22-485-BAJ-RLB, 2023 WL 6134767, at *5 (M.D. La. Sept. 19, 2023) (citing *Lauter v. SZR Second Baton Rouge Assisted Living, LLC*, No.20-813, 2021 WL 2006297, at *1 (M.D. La. May 19, 2021)). This Court will only consider Plaintiff's failure when apportioning costs. *Id.*

### ii.      Interrogatory No. 5 and Request for Production No. 6

Defendant argues the information sought by Interrogatory No. 5 is irrelevant, unduly burdensome, and disproportional to the needs of the case. (R. Doc. 15). Plaintiff argues Interrogatory No. 5 is not overly broad in time or scope, is adequately limited to a specific geographical territory, and is reasonably tailored to uncover whether Defendant "implemented a pattern or policy of blanket denials of claims in the market" where the Property is located. (R. Doc. 14 at 7, 8). Plaintiff explains that "a survey of the claims [Defendant] has adjusted during th[e] limited time period in th[e] limited geographic territory is expected to be indicative of a pattern and thus quite relevant to whether [Plaintiff]'s claim was adjusted in bad faith[.]" (R. Doc. 14 at 10). She argues that any confidentiality concerns may be "addressed with a protective order[,]" and that there are no privacy concerns as the policy holders' addresses, names, and policy numbers are not being requested. (R. Doc. 14 at 9). Regarding Defendant's relevance

objection, Plaintiff cites no cases[4] explaining the relevance of other insurance claim files to her claim that Defendant "[a]rbitrarily and erroneously den[ied] the full extent of hail damages[.]" (R. Docs. 1-1 at 2; 14).

In *Est. of Christman v. Liberty Mut. Ins. Co.*, a case which came before this Court, an estate's executor brought a bad faith action against an insurer for failing to find any damage to the deceased's roof after a hailstorm. No. CV 20-739-BAJ-RLB, 2021 WL 2325330, at *1 (M.D. La. June 7, 2021). He alleged that had the damage been properly assessed, the home would not have been as severely damaged by Hurricane Laura. *Id*. Thus, the executor sought to compel responses to an interrogatory "seeking information with respect to claims made on other parties regarding the wind and hailstorm occurring on May 26, 2020[.]" *Id.,* at *5. The plaintiff claimed the information was "relevant to determine [the insurer's] awareness of the storm, potential systematic denials of coverage, or a singling out of Plaintiff's claim in light of the costs of asbestos shingle removal." *Id.,* at *4. In assessing the motion to compel, this Court distinguished the Katrina cases cited in footnote 3 and held the request was overbroad. *Id.* This Court also held the information sought was irrelevant because "discovery of prior instances of claims of bad faith is not relevant to whether an insurer acted in bad faith[.]" *Id* (citing *Haydel v. State Farm Mutual Auto. Ins. Co.*, No. 07-939, 2009 WL 10679319, at *7-8 (M.D. La. July 16, 2009)).

---

[4] While this Court is aware that in the context of Hurricane Katrina insurance cases, courts have at times "ordered the production of information and documents regarding other Katrina-related claims in limited geographical areas[,]" the Katrina decisions are distinguishable. *See Tomlinson v. Allstate Indem. Co.*, No. 06-617, 2007 WL 404698 (E.D. La. Feb. 1, 2007) (compelled insurer to produce list of lawsuits filed against it by Jefferson Parish homeowners due to Hurricane Katrina but distinguishable as Plaintiff seeks claim files irrespective of whether a lawsuit was filed); *See also Dudenhefer v. State Farm Fire & Cas. Co.*, No. 06-4380, 2007 WL 1521018, at *3 (E.D. La. May 23, 2007) (compelled insurer to produce list of claims and/or lawsuits made as a result of Hurricane Katrina in St. Bernard Parish in which bad faith was alleged but distinguishable as Plaintiff seeks claim files irrespective of whether bad faith was alleged); *See also Parent v. State Farm Fire and Cas. Co.*, No. 06-2362, 2007 WL 1651990 (E.D. La. 2007) (compelled insurer to produce a list of insureds within one mile of plaintiff's residence and claims relating to Hurricane Katrina when it was alleged claimant and insurer disputed whether home suffered wind or water damage but is distinguishable as Plaintiff's claim concerns the payout amount, not the cause of the damage).

Likewise, in *Weimar v. Liberty Mut. Ins. Co.,* a plaintiff sought "information and documents, including entire claim[] files, related to any claims or lawsuits brought against [the insurer] within the past ten years alleging misconduct, improper claims handling, bad faith, or insurance code violations." No. CV 17-584-BAJ-RLB, 2018 WL 6070344, at *2 (M.D. La. Nov. 20, 2018). As it did in *Christman*, this Court concluded the request was overbroad and irrelevant, again because "discovery of prior instances of claims of bad faith is not relevant to whether an insurer acted in bad faith in [an] instant matter." *Id* (citation omitted). This Court held the same in *Lamar Advertising Co. v. Zurich Ins. Co*., where a plaintiff sought "complaints, petitions, demands, and allegations . . . made against [the insurer or the adjuster] that involve both (a) allegations of bad faith claims handling and/or deceptive or unfair practices and (2) relate[] to [the adjuster's] involvement in an insurance claim." No. CV 18-1060-JWD-RLB, 2020 WL 448243, at *9 (M.D. La. Jan. 28, 2020).

This Court thus finds Interrogatory No. 5 to be no less overbroad or irrelevant than the interrogatories referenced above. The Interrogatory seeks information regarding insurance claims for homes along fifty different streets over a period of more than two and a half months. It also seeks "all documents related to the claims," which would encompass the entire claim files.

In addition, in the instant matter, there is no dispute hail damage occurred; rather, Plaintiff merely alleges Defendant's inspector failed to find the roof needed replacing. (R. Doc. 1-1). This is a disagreement regarding the extent of damage and what is required to repair those damages. It is not clear how claim files for Plaintiff's somewhat distant neighbors could reveal information regarding the damages of Plaintiff's specific roof.

Regarding proportionality, in addition to the overbroad observations above, Plaintiff seeks claims regarding roof damage, filed from March 15, 2022 to May 31, 2022, in an area

9

spanning approximately fifty streets. (R. Doc. 13-1). Defendant has no "way to electronically search for claim files specific to roof damage" and "[i]t would require many hours . . . to attempt to identify homes with State Farm policy holders who made a claim within the months identified[.]" (R. Doc. 15 at 13). Moreover, Plaintiff's request that Defendant note "[w]hether the insured requested an appraisal of the damage that was the subject of the claim[,] and [w]hether State Farm appointed an appraiser in response to the insured's request[,]" would impose a burden upon Defendant disproportional to the needs of the case because Plaintiff has not alleged that Defendant denied appraisal. (R. Docs. 1-1; 13-1 at 6). Although the amount in dispute is not the only consideration regarding proportionality, this case's worth is not much greater than the jurisdictional threshold, and these burdens are not proportional to the needs of the case, especially considering the limited, if any, relevance of the information sought. Therefore, this Court will not compel a response. (R. Doc. 1).

For the same reasons above, the Court also finds that a response to RFP No. 6 will not be compelled. RFP No. 6 requests "all documents related to the claims identified in . . . response to Interrogatory No. 5 including but [not limited to:] 1. [Defendant]'s response to any appraisal demand made by the insured; and 2. All documents related to any and all inspections and/or assessment of roof damage including determinations and estimates of loss." (R. Doc. 13-1 at 7). This is considerably overbroad as "all documents related to the claims identified in . . . response to Interrogatory No. 5" encompasses "the entire claim files found[.]" (R. Docs. 13-1 at 7; 15 at 13). It would take Defendant an unreasonable amount of time to obtain and redact each of its claim files, and Plaintiff fails to explain why this is necessary. (R. Docs. 14 at 13; 15). Plaintiff only argues that RFP No. 6 is not vague or ambiguous and that Defendant's objections are insufficient since they are almost identical to Defendant's objections to Interrogatory No. 5. (R.

10

Doc. 14 at 13). Plaintiff offers no argument specific to RFP No. 6 for why entire claim files for

other cases are relevant. (R. Doc. 14 at 13). As Plaintiff fails to explain the relevance of the

information sought, this Court finds RFP No. 6 to be irrelevant, overbroad, and unduly

burdensome. (R. Doc. 14). We will not compel a response, especially as no response to

Interrogatory No. 5 is being compelled.

### iii.    Request for Production No. 5

Plaintiff argues RFP No. 5 is not broad in time, scope, or geographic territory, and is

"tailored to determine the procedures, guidelines and policies pursuant to which [Defendant's]

adjusters and inspectors . . . reviewed and adjusted [Plaintiff]'s claim." (R. Doc. 14 at 11, 12).

Plaintiff also argues a protective order could address any concerns Defendant has regarding

confidential, proprietary business information. (R. Doc. 14 at 12). She is not, however, opposed

to "narrowing the time period" provided in RFP No. 5. (R. Doc. 14 at 11).

Defendant "objected to this request as overly broad, irrelevant, and not proportional to

the needs of this case and because it requires discovery of confidential, proprietary business

information and/or trade secrets." (R. Doc. 15 at 14). Defendant also explains that it sent Plaintiff

"a proposed protective order[,]" and only asks that this Court "narrow [Defendant]'s response to

only those policies, procedures, and guidelines that are relevant to the claim and the date of loss .

. . and require a protective order be filed prior to any production." (R. Doc. 15 at 14).

Through RFP No. 5, Plaintiff requests "any and all State Farm policies, procedures and/or

guidelines provided to claims adjustors and/or home inspectors [from] 2020 to [the] present[.]"

(R. Doc. 13-1 at 7). In *Weimar,* a plaintiff "requested the production of all 'claims manuals,

directives, letters, and other forms of written or computerized communication' directed to claims

adjusters that refer or relate to claims handling[ and] of claims handling procedures or guidelines

within the last five years regarding 'unfair claims settlement practices, unfair claims handling

practices, standards to be met in adjusting or handling first party insurance claims, and/or

avoiding charges of bad faith.'" *Weimar,* No. 2018 WL 6070344, at *3. This court found the

requests were overly broad and compelled the production of only "documents that establish the

procedures for adjusting claims under commercial property policies similar to the one at issue . .

. that were in effect and available . . . at the time [plaintiff's] claim was adjusted." *Id.*

This holding was adopted by the court in *Lamar* when a plaintiff sought production "of

all training materials used . . . from 2014 to the present to train [the insurer's] commercial

property insurance adjusters, claims handlers, consultants, and accountants." *Lamar,* 2020 WL

448243, at *9. Holding the time frame was too broad, this Court limited it to the date of the

subject weather event and the months following. *Id.* Otherwise, this Court followed *Weimar* and

held the insurer must produce "any documents that establish the procedures for adjusting claims

under commercial property policies similar to the one at issue in this action that were in effect

and available to [the insurer's] employees at the time [plaintiff's] claim was adjusted[.]" *Id*

(citing *Weimar*, 2018 WL 6070344, at *3).

This Court has come again to the same conclusions as those provided in *Weimer* and

*Lamar.* RFP No. 5 is overbroad as written for two main reasons: (1) Plaintiff has requested

policies applicable for the last four years, while the subject incident occurred only in 2022, and

(2) Plaintiff has not limited her request to concern only procedures applicable to policies similar

to the Plaintiff's. (R. Doc. 13-1 at 7). Following the example of *Weimer* and *Lamar*, this Court

compels Defendant to provide only its policies and procedures as described further below.

iv.    **Attorney's Fees and Costs**

Plaintiff "prays for an award of attorney's fees and costs[.]" (R. Doc. 14 at 14). Where a motion is only partially granted, "the court *may* . . . apportion the reasonable expenses. . . in a just manner." *Louisiana CNI, LLC v. Landmark Am. Ins. Co.,* No. CV 06-112-D-M2, 2006 WL 8435025, at *9 (M.D. La. Aug. 17, 2006), *amended,* No. CV 06-112-D-M2, 2006 WL 8435026 (M.D. La. Oct. 19, 2006) (citing Fed. R. Civ. P. 37(a)(4) (emphasis added)). As this Court has neither fully granted nor denied the Motion, and Plaintiff filed an inadequate Rule 37 conference certificate, each party is to bear its own attorney's fees and costs.

**III.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery Responses (R. Doc. 13) is **DENIED** as to Interrogatory No. 5 and RFP No. 6, and **GRANTED IN PART** as to RFP No. 5, with each party to bear their own costs.

**IT IS FURTHER ORDERED** that Defendant is compelled to respond to RFP No. 5 as modified below, in accordance with a protective order to be entered into between Plaintiff and Defendant and to be filed with this Court **within 14 days of this Order**:

**Request for Production 5:**

Please produce any and all State Farm policies, procedures, and/or guidelines for claims adjustors and/or home inspectors that (i) applied during the inspection of and claim adjustment period for the Home, or (ii) established the procedures for adjusting claims of a policy similar or identical to the Home's policy.

Signed in Baton Rouge, Louisiana, on May 8, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**